**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-----------------------------------------------------------------x
ESTUARDO SABINO

                           Plaintiff/Petitioner,

             - against -                    Index No. 512998/2021

OTIS ELEVATOR COMPANY

                          Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: June 1, 2021

Daniela F. Henriques, Esq.
Name
LEAV & STEINBERG, LLP

Firm Name

75 Broad Street, Suite 1601

New York, New York 10004

Address

212-766-5222

Phone

henriquesd@lstriallaw.com
E-Mail

To: _____

2/24/20

Index #        Page 2 of 2        EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X

ESTUARDO SABINO,

        Plaintiff,

 -against-

OTIS ELEVATOR COMPANY,

        Defendant.

---------------------------------------------------------------------X

Index No.: _____
Filed on: _____

Plaintiff designates KINGS County as the place of trial.

Plaintiff requests trial by jury.

**S U M M O N S**

The basis of venue is the county in which a substantial part of the events or omissions giving rise to the claim occurred, pursuant to CPLR 503.

**To the above-named Defendant:**

 **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

 In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
   May 30, 2021

      Daniela F. Henriques, Esq.
      LEAV & STEINBERG, LLP
      *Attorneys for Plaintiff*
      ESTUARDO SABINO
      75 Broad Street – Suite 1601
      New York, New York 10004
      Tel. No.: (212) 766-5222
      Fax No.: (212) 693-2377
      File No.: 198237

TO:

OTIS ELEVATOR COMPANY,
 111 Eighth Avenue, New York, New York 10011

**FORWARD TO YOUR INSURANCE CARRIER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

ESTUARDO SABINO,

          Plaintiff,

 -against-

OTIS ELEVATOR COMPANY,

         Defendant.

-----------------------------------------------------------------X

INDEX NO.:

**VERIFIED COMPLAINT**

  Plaintiff, ESTUARDO SABINO, by his attorneys, LEAV & STEINBERG, LLP, as and for his Verified Complaint, respectfully alleges, upon information and belief:

  1. Plaintiff, ESTUARDO SABINO at all times herein mentioned, was and still is a resident of the County of Kings and State of New York.

  2. Defendant OTIS ELEVATOR COMPANY was and still is a foreign business corporation authorized to and doing business in the State of New York.

  3. Defendant OTIS ELEVATOR COMPANY was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

  4. Defendant OTIS ELEVATOR COMPANY, at all times herein mentioned, maintains a principal place of business situated at One Carrier Place, in the County of Hartford and State of Connecticut.

  5. Defendant OTIS ELEVATOR COMPANY, at all times herein mentioned, maintains a principal place of business situated at 65 Fairchild Avenue, in the County of Oyster Bay and State of New York.

6. The real property located at 719 Linden Boulevard, in the County of Kings and State of New York bears Block 04654, Lot 0026.

7. That on July 10, 2019, The State of New York was the owner of real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

8. That on July 10, 2019, The State of New York was one of the owners of real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

9. That on July 10, 2019, The State of New York was a lessor of real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

10. That on July 10, 2019, The State of New York was a lessee of real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

11. That on July 10, 2019, The State of New York operated real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

12. That on July 10, 2019, The State of New York maintained real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

13. That on July 10, 2019, The State of New York managed real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

14. That on July 10, 2019, The State of New York controlled real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

15. That on July 10, 2019, The State of New York supervised real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

16. That on July 10, 2019, The State of New York repaired real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

17. That on July 10, 2019, The State of New York inspected real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

18. That on July 10, 2019, The State of New York constructed real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

19. That on July 10, 2019, The State of New York designed real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

20. That on July 10, 2019, The State of New York serviced real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

21. That on July 10, 2019, The State of New York reserved unto itself the duty to keep and maintain real property located at 719 Linden Boulevard, in the County of Kings and State of New York, including the elevators and appurtenances thereto within the building, in good repair.

22. That on July 10, 2019, The State of New York reserved unto itself the duty to keep and maintain real property located at 719 Linden Boulevard, in the County of Kings and State of New York, including the elevators and appurtenances thereto within the building, in a reasonably safe, proper and suitable condition.

23. That on July 10, 2019, The State of New York reserved unto itself the duty to repair defects and hazards upon the real property located at 719 Linden Boulevard, in the County of Kings and State of New York, including the elevators and appurtenances thereto within the building.

24. That on July 10, 2019, The State of New York reserved unto itself the duty to operate, control, supervise, manage and maintain real property located at 719 Linden Boulevard, in the County of Kings and State of New York, in a safe and proper fashion so that no persons lawfully riding the elevators within the building would be caused to sustain serious injuries.

25. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY operated the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

26. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY maintained the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

27. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY managed the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

28. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY supervised the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

29. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY controlled the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

30. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY repaired the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

31. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY inspected the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

32. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY serviced the elevators and appurtenances thereto within the building at the real

property located at 719 Linden Boulevard, in the County of Kings and State of New York.

33. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY constructed the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

34. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY designed the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

35. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, performed certain work and/or repairs to the elevators and appurtenances thereto within the building at the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

36. That on July 10, 2019 and prior thereto, defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, supervised the work and/or repairs to the elevators and appurtenances thereto within the building at the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

37. That on July 10, 2019, defendant OTIS ELEVATOR COMPANY did enter into a contract agreement (either written or oral) with The State of New York; whereby defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, were to maintain, manage, operate, control, inspect, service and repair the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

38. That on July 10, 2019, defendant OTIS ELEVATOR COMPANY did enter into a contract agreement (either written or oral) with The State of New York; whereby defendant

OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, were to maintain, manage, operate, control, inspect, service and repair the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York, with the knowledge, authority, permission and consent of The State of New York.

39. That on July 10, 2019 and for some time prior thereto, defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, did maintain, manage, operate, control, inspect, service and repair the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

40. That on July 10, 2019 and for some time prior thereto, defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, did maintain, manage, operate, control, inspect, service and repair the elevators and appurtenances thereto within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York, with the knowledge, permission and consent of The State of New York.

41. That on July 10, 2019, plaintiff ESTUARDO SABINO was lawfully within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York.

42. On July 10, 2019, while plaintiff ESTUARDO SABINO was a passenger inside the elevator within the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York, he was caused to sustain personal injuries.

43. That as a result of the foregoing, plaintiff ESTUARDO SABINO sustained serious, severe and grievous personal injuries, severe pain and suffering, emotional distress and

mental anguish, as a result of the defendant's negligence, carelessness and reckless in causing this accident.

44. Defendant OTIS ELEVATOR COMPANY, by its agents, servants and/or employees, in the ownership, operation, management, maintenance and control of the building at the real property located at 719 Linden Boulevard, in the County of Kings and State of New York; and more particularly the aforesaid elevator and elevator system including all peripheral equipment, sensor mechanisms/controllers, computerized elevator equipment and connecting cables/wires; in causing, permitting and allowing said elevator to be, become and remain in a dangerous, hazardous, broken, worn and trap-like condition; in failing to inspect, timely inspect and/or properly inspect said elevator and/or properly inspect the connecting cables/wires of said elevator; in failing to repair, timely repair and/or properly repair said elevator; in failing to repair and/or properly repair the connecting cables/wires; in causing, permitting and allowing said elevator, without warning, to mis-level; in failing to repair and/or properly repair the car floor to landing sill which was allowed to be and remain off level without the proper adjustment of the leveling; in causing, permitting and allowing the connecting cables/wires and other peripheral equipment of said elevator to be, become and remain in a dangerous, hazardous, broken and worn condition; in failing to repair and/or properly repair the car door / gate; in failing to repair and/or properly repair the car door / gate which was allowed to be and remain in a defective condition in that the doors would not fully close without the proper adjustment of the car door (gap); in failing to repair and/or properly repair the car door / gate which was allowed to be and remain in a defective condition without repair to the door zone restriction; in failing to repair and/or properly repair the car door / gate which was allowed to be and remain in a misaligned condition in that the car doors were rubbing without repair and adjustment thereof;

in failing to repair and/or properly repair the car door / gate which was allowed to be and remain in a damaged condition without repair thereto; in failing to repair and/or properly repair the governor; in failing to repair and/or properly repair the governor which was allowed to be unguarded without providing and/or installing a proper cover for wires on the governor; in failing to repair and/or properly repair the machine brake; in failing to repair and/or properly repair the machine brake which was allowed to be unguarded without providing and/or installing a proper cover for the wires on the brake; in failing to repair and/or properly repair the lighting machine space which was allowed to be unguarded without providing and/or installing a proper cover thereto; in failing to repair and/or properly repair the hoist machine; in failing to repair and/or properly repair the hoist machine which was allowed to be unguarded without providing and/or installing a proper cover for the rope thereto; in failing to repair and/or properly repair the traction sheave which was allowed to remain in a worn condition without replacement of the ropes thereto; in failing to repair and/or properly repair the car top; in failing to repair and/or properly repair the car top without providing and/or installing a proper anti-rotation device on the car shackle; in failing to maintain and keep clean (free of dirt and debris) the car top of the subject elevator; in failing to repair and/or properly repair the door operator; in failing to repair and/or properly repair the door operator without providing and/or installing a proper cover; in failing to maintain and keep a proper maintenance log for the subject elevator; in failing to maintain and keep clean (free of dirt and debris) the subject elevator; in failing to maintain and keep dry (free of water, accumulation of water) the pit of the subject elevator; in failing to repair and/or properly repair the interlock without providing and/or installing a proper interlock cover; in failing to maintain and keep a proper label on the controller / selector and allowing same to be, become and remain without the City of New York identification number on the controller; in

failing to repair and/or properly repair the hoist ropes which did not have any crosbys on the anti-spinout device; in failing to repair and/or properly repair the hoist ropes which were allowed to be, become and remain in a rusted condition without replacement of said hoist ropes; in failing to repair and/or properly repair the hoist cables which were allowed to be, become and remain in a worn condition without replacement of said hoist cables; in failing to maintain and keep clean (free of dirt and debris) the hoist cables of the subject elevator; in failing to repair and/or properly repair the counterweight runby signage; in failing to repair and/or properly repair the underside of the platform; in failing to repair and/or properly repair the hoistway door gibs; in failing to repair and/or properly repair the door re-opening device; in failing to repair and/or properly repair the car button station; in failing to repair and/or properly repair the hoistway doors; in failing to maintain and keep clean (free of dirt and debris) the hoistway of the subject elevator; in failing to repair and/or properly repair the damaged saddle and car enclosure by providing a toe guard; in failing to perform (and file with the appropriate authority) timely 2-year mandatory testing of the subject elevator; in failing to call, timely call or properly call whoever was responsible for the repair of said elevator prior to the occurrence herein; in failing to call, timely call or properly call whoever was responsible for the repair of the connecting cables/wires and other peripheral equipment prior to the occurrence herein; in causing, allowing and permitting the other elevators at the subject premises to be, become and remain inoperable and out of service for a prolonged period of time; in failing to instruct their employee(s) at said premises to supervise and control the number of people exiting said elevator at one time; in failing to place signs, barricades or other warning devices at said elevator warning plaintiff ESTUARDO SABINO and others of the dangers existing thereat; in failing to give the plaintiff ESTUARDO SABINO herein an opportunity to avoid this occurrence; in failing to exercise

and tear of the elevator and all its parts due to the overuse of the subject elevator; in failing to comply with the industry standard for elevator safety requirements; in failing to insure that said elevator and the aforesaid parts and equipment were in a proper, safe and reasonable condition for the use for which they were intended; in causing, permitting, allowing and/or suffering said elevator, its parts and equipment aforesaid to be, become and remain unfit for normal use and for the purposes for which they were intended in that they lacked the necessary quality and safety to make them adequate and proper for said use; in failing to maintain, inspect or repair said elevator on a regular, timely basis knowing that said elevator was in constant use; in failing to provide plaintiff ESTUARDO SABINO and others safe passage in said elevator; in failing to provide adequate, sufficient and/or competent personnel to ensure against this occurrence and to maintain said elevator and elevator system including sensor mechanisms/controllers, computerized elevator equipment and connecting cables/wires and other peripheral equipment; in that said elevator and the aforesaid elevator parts and equipment failed to meet proper standards, in thereby exposing the plaintiff ESTUARDO SABINO herein to a position of danger; in failing to use reasonable care which would have prevented the happening of this occurrence; in failing to exercise reasonable care and prudence under the circumstances; and in otherwise being negligent, careless and reckless in the premises, all without any fault or lack of care on the part of plaintiff ESTUARDO SABINO contributing thereto. Plaintiff ESTUARDO SABINO will rely on the doctrine of *res ipsa loquitor*.

45. Solely as a result of the defendant's negligence, carelessness and recklessness, plaintiff ESTUARDO SABINO was caused to suffer severe and serious personal injuries to mind and body, and further, was subjected to great physical pain and mental anguish.

46. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of the plaintiff ESTUARDO SABINO.

47. The injuries and damages sustained by plaintiff ESTUARDO SABINO, and further, the accident which occurred on July 10, 2019, in the manner set forth in his complaint were caused in whole or in part, by reason of the negligence and culpable conduct of the defendant.

48. The defendant, by and through its servants, agents and/or employees, caused and created the dangerous and unsafe condition(s).

49. That by reason of the foregoing, plaintiff ESTUARDO SABINO sustained injuries to his head, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; he has been confined to bed and home for some time; he has been unable to pursue his usual occupation and recreation activities for some time and upon information and belief, such disability is continuing; he has been compelled to submit himself to the hospital and medical care and attention in an endeavor to cure or alleviate his injuries for which medical and hospital expenses have been incurred and will continue to be incurred and he has been compelled to suffer physical pain, mental anguish and emotional distress.

50. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

51. As a result of defendant's negligence, plaintiff ESTUARDO SABINO is entitled to damages in such which exceeds the jurisdictional limits of all lower Courts which may otherwise have jurisdiction.

**WHEREFORE**, plaintiff ESTUARDO SABINO demands judgment against defendant herein in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction and in such sum as a jury may find reasonable, just and fair; together with interest, costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      May 30, 2021

LEAV & STEINBERG, LLP

By: _____
Daniela F. Henriques, Esq.
*Attorneys for Plaintiff*
ESTUARDO SABINO
75 Broad Street - Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

FILED: KINGS COUNTY CLERK 05/30/2021 12:26 PM                    INDEX NO. 512998/2021
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 05/30/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X

ESTUARDO SABINO,                                    INDEX NO.:

                Plaintiff,          **ATTORNEY'S VERIFICATION**

-against-

OTIS ELEVATOR COMPANY,

                Defendant.

-----------------------------------------------------------------------X

    Daniela F. Henriques, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am of the firm of LEAV & STEINBERG, LLP, the attorneys of record for the plaintiff.

    I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiff because he is not in the County of New York, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       May 30, 2021

_____
DANIELA F. HENRIQUES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.

--------------------------------------------------------------------

ESTUARDO SABINO,

                Plaintiff,

-against-

OTIS ELEVATOR COMPANY,

                Defendant.

--------------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

--------------------------------------------------------------------

**LEAV & STEINBERG, LLP**
*Attorneys for Plaintiff*
75 Broad Street, Suite 1601
New York, New York 10004
(212) 766-5222