```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  ESTUARDO SABINO,                                          :
                                                            :   **MEMORANDUM DECISION**
                                        Plaintiff,          :   **AND ORDER**
                                                            :
                 - against -                                :   21-cv-3754 (BMC)
                                                            :
  OTIS ELEVATOR COMPANY,                                    :
                                                            :
                                        Defendant.          :
                                                            :
----------------------------------------------------------- X
```
Supreme Court of the State of New York County of Kings, case number 512998/2021.

**COGAN**, District Judge.

In New York, personal injury plaintiffs are not permitted to plead a specific amount of damages in their complaints. See N.Y. C.P.L.R. § 3017(c). Some defendants who would like to remove cases from state to federal court apparently believe that this places them on the horns of a dilemma – how do they know if there is $75,000 or more in controversy? And if they can't find out within 30 days, will they lose their opportunity to timely remove?

But there is no dilemma. C.P.L.R. § 3017(c) also permits a defendant to serve a demand on a plaintiff to state the amount in controversy. And the Second Circuit has held that a defendant's 30-day time period to remove does not begin to run "until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). Thus, neither a defendant nor the Court have to guess whether there is $75,000 or more in controversy. All a defendant has to do is serve a C.P.L.R. § 3017(c) demand. And they will not be late in removing as long as they do it within 30 days of receiving a response that shows the $75,000 jurisdictional minimum is met.

In this case, after plaintiff Estuardo Sabino suffered in injury in an elevator, he brought a state-law negligence action against defendant Otis Elevator Company in the Supreme Court of the State of New York, Kings County. Defendant removed the action, seeking to invoke this Court's diversity jurisdiction. The notice of removal explained that plaintiff is a citizen of New York, while defendant is a citizen of New Jersey and Connecticut, the states of incorporation and principal place of business, respectively. Defendant thus established complete diversity between the parties.

The problem was the amount in controversy. The complaint did not state the amount in controversy, consistent with C.P.L.R. § 3017(c). Defendant thus inferred an amount in controversy through other allegations in the complaint. First, defendant pointed to an allegation that plaintiff suffered several serious injuries. Defendant then noted plaintiff's claim of "damages in such which exceeds the jurisdictional limits of all lower Courts which may otherwise have jurisdiction." According to defendant, these two allegations established that the amount in controversy exceeded $75,000.

That was wrong. As I explained in Casas v. Brewer, No. 21-cv-00927, 2021 WL 781744 (E.D.N.Y. March 1, 2021), "[t]he allegation of a 'serious injury' refers to a term of art under the New York Insurance Law 'No Fault' provisions that allows a claimant to escape the prohibition against litigation." Id. at *1 (discussing N.Y. Ins. L. § 5104(a)). A serious injury does not require more than $75,000 in damages, so it does not establish the amount in controversy. See id. The same is true of the allegation that plaintiff was "entitled to damages in such which exceeds the jurisdictional limits of all lower Courts which may otherwise have jurisdiction." Because those lower courts have jurisdictional limits of $25,000 or less, this allegation merely gets plaintiff into the Supreme Court, but it "ha[s] no bearing on forcing him into federal court.

Id. (citing C.P.L.R. § 325). Thus, I ordered defendant to show cause why the case should not be remanded for failure to invoke the Court's diversity jurisdiction.

In response to the order to show cause, defendant has taken a new track. It reports that defense counsel "requested that the [p]laintiff provide a damages packet and demand," yet plaintiff's counsel never responded. Then, defense counsel asked plaintiff's counsel to stipulate that the amount in controversy was less than $75,000, yet plaintiff's counsel refused. "Notably," defendants reported, plaintiff's counsel "stated that the [p]laintiff had surgery allegedly related to the injuries claimed in this action and, thus, could not agree that damages would be less than $75,000." Defendant thus claims it is "clear" that the amount in controversy exceeds the $75,000 threshold.

It is not clear, and as noted above, we need not guess. As the party invoking the Court's diversity jurisdiction, defendant "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Com. Workers Union, Loc. 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (quoting another source). In defendant's view, however, a defendant can remove a case with an uncertain amount in controversy, require the plaintiff to stipulate to a given amount of damages, and effectively shift the burden to the plaintiff to show that jurisdiction *does not* exist. Courts around the country have rejected this tactic. See Dougherty v. Sears Holdings Corp., No. 12-cv-6604, 2012 WL 6588817, at *1 (S.D.N.Y. Dec. 12, 2012); Powell v. Nat'l Action Fin. Servs., Inc., No. 05-cv-H050806, 2005 WL 1866150, at *3 (S.D. Tex. Aug. 4, 2005); Burk v. Med. Sav. Ins. Co., 348 F. Supp. 2d 1063, 1070 (D. Ariz. 2004); Dobson v. United Airlines, Inc., No. 02-cv-4771, 2002 WL 31689365, at *1 (N.D. Cal. Nov. 25, 2002).

And for good reason. "[T]here are several reasons why a plaintiff would not so stipulate," so a refusal "merely establish[es] the possibility – not a probability – that the [p]laintiff's damages might exceed $75,000." Abbey v. Texas Roadhouse Holdings LLC, No. 8:19-cv-204-T-33, 2019 WL 337129, at *3 (M.D. Fla. Jan. 28, 2019) (alteration adopted) (quoting another source). Moreover, "neither a conclusory statement . . . nor a 'mere averment' is enough to satisfy [the defendant's] burden" of establishing jurisdiction. Dougherty, 2012 WL 6588817, at *1 (quoting another source). Thus, the assertion that "the amount in controversy exceeds $75,000, simply because the plaintiff's counsel refused to enter into a stipulation to cap damages, does not satisfy the defendant's burden." Id. To hold otherwise would run afoul of the venerable rule that "that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends," and that "[i]t is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834).

At the very least, then, defendant jumped the gun. Although the C.P.L.R. provides various means of ascertaining the amount in controversy, defendant did not take advantage of any of these devices. See Wellington v. Am. Sec. Ins. Co., No. 18-cv-7132, 2019 WL 1060801, at *2 (E.D.N.Y. March 6, 2019). Defendant has therefore failed to show a reasonable probability that the amount in controversy requirement is satisfied, and the case is remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      July 9, 2021

4